# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ZINDY LARA CONTERERAS, | ) | Case No. 4:26-cv-190 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| SHERIFF JERRY GREENE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Zindy Lara Contereras, a non-citizen mother of three children, including a one-year-old, entered the United States illegally in 2012. In 2024, she submitted an application for a U-Visa as the victim of domestic violence who engaged in the prosecution of her ex-husband. According to her complaint, United States Citizenship and Immigration Services found that she submitted a *bona fide* application and, in January 2025, approved her authorization to work in the United States through January 2029.

On January 9, 2025, law enforcement pulled over a vehicle in which Petitioner was riding as passenger on her way to work. She alleges that the local authorities did not claim that she violated the law, but she has been detained since. She petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court **SEVERS** Petitioner's claims under the Administrative Procedure Act and **DISMISSES** them **WITHOUT PREJUDICE** and **DISMISSES** the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Petitioner, Ms. Contereras, entered the United States unlawfully in 2012.  (ECF No. 1, ¶¶ 2 & 18, PageID #1 & 4.)  She is the mother of three children ranging in age from 1 to 17.  (*Id.*, ¶ 18, PageID #4.)  In 2024, Ms. Contereras applied for a U-Visa as the victim of domestic violence who engaged in the prosecution of her ex-husband, and in December 2024 USCIS issued a *bona fide* determination notice for this status. (*Id.*, ¶¶ 19 & 20; ECF No. 1-3.)  On January 15, 2025, USCIS approved Ms. Contereras's application for work authorization.  (ECF No. 1, ¶ 21, PageID #5; ECF No. 1-4.)

On January 9, 2025, Ms. Contereras was a passenger in a car on her way to work.  (*Id.*, ¶ 22, PageID #5.)  During a traffic stop, she and the other passengers were detained and placed in the custody of the Department of Homeland Security.  (*Id.*)  Since then, she remains detained in Mahoning County, Ohio.  (*Id.*, ¶ 23.)

On January 23, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  She alleges that her detention violates: (1) the Fifth Amendment; and (2) the Administrative Procedure Act.  (*Id.*, ¶¶ 34–47, PageID #8–11.)  She argues that deferred action and work authorization constitute discretionary benefits that, once conferred, may not be rescinded without process. (*Id.*, ¶ 24, PageID #5.)  By detaining her, Petitioner contends that Immigration and Customs Enforcement has effectively rescinded these discretionary benefits without proper process.  (*Id.*, ¶ 25, PageID #5–6.)

## ANALYSIS

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.  This statute requires an initial screening of a petition.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner.  *Id.*  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

## I.    Jurisdiction

Section 2241(c)(3) extends the availability of the writ of habeas corpus to persons "in custody in violation of the Constitution or law or treaties of the United States."  8 U.S.C. § 1252(a)(2) provides that no court has jurisdiction to review any immigration matter except as provided by statute:  "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review" immigration cases.

As relevant here, judicial review is available in two circumstances.  First, a final order of removal is subject to judicial review by "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," *not* the

3

district court.  8 U.S.C. § 1252(b)(2); *see also id.* § 1252(b)(9).  This provision does not give the Court jurisdiction to review the petition of Ms. Contereras.

Second, 8 U.S.C. § 1252(a)(2)(D) preserves the ability to petition for a writ of habeas corpus to raise a constitutional issue.  In such a case, however, Congress significantly limited judicial review and the ability of courts to engage in fact-finding:

> no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, . . . or by any other provision of law (statutory or nonstatutory), to review such an order [a final order of removal] or such questions of law or fact [those involving interpretation and application of statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States].

*Id.* § 1252(b)(9).  This statute encompasses challenges to the decision to seek removal and the decision to detain an alien in the first place.  *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019).  Significantly, Congress specifically divested courts of jurisdiction to review bond determinations and other discretionary determinations pending removal.  *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

Determinations of bond or detention are discretionary, even under administrative policy in effect until the middle of 2025.  *See* 8 U.S.C. § 1226(a). Divesting federal district courts of jurisdiction over such determinations makes sense.  After all, Congress created an administrative process intended to act quickly (though in practice its actions have been anything but) in a field requiring specialized knowledge generally outside the experience of the inferior federal courts.

The statutory framework provides a limited role for district courts to review a habeas petition in the immigration context not concerning a final order of removal.

4

8 U.S.C. § 1252(a)(2)(D). That is, Section 1252 preserves the ability of district courts to review a petition for a writ of habeas corpus regarding a constitutional issue. *Id.* For example, such claims might challenge what amounts to indefinite detention. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) (recognizing the serious constitutional concerns of indefinite detention following a final order of removal); *but see Jennings*, 583 U.S. at 297 (finding no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings).

Outside of such limited and narrow constitutional claims, which Petitioner does not raise, other constitutional challenges quickly implicate and often become entwined with interpretation and implementation of the statutory framework and its associated procedures. Such is the case with Petitioner's claims here. Indeed, her claims challenge the rescission of a crime victim memo and the agency's failure to follow certain regulations in revoking her deferred action, for example. (ECF No. 1, ¶¶ 42 & 45, PageID #10.) Taken as a whole, the petition pursues these administrative issues to a far greater degree than it outlines a claimed violation of the Fifth Amendment. There might be good reason for that. In the immigration context, Congress has broad discretion to determine what process is due. *See, e.g. Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020); *Reno v. Flores*, 507 U.S. 292, 309 (1993). Put another way, Petitioner's constitutional challenges collapse into analysis of the statutory and regulatory regime. Congress has made clear that district courts lack the jurisdiction to make such determinations, even on a habeas petition under Section 2241. *See* 8 U.S.C. § 1252(b)(9). As the Supreme Court has

long recognized, these statutory provisions aim "at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the[ir] theme." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999).

At bottom, the detention decision arises from the agency's decision to initiate or reinstate removal proceedings.  Congress has divested federal district courts of jurisdiction over such matters.  8 U.S.C. § 1252(b)(9).  The Court fails to see how it has jurisdiction to consider the petition.  *See Khalil v. President*, 164 F.4th 259, 273 (3d Cir. 2026) (per curiam).

## II.  Administrative Procedure Act

Petitioner joins to her habeas petition several claims under the Administrative Procedure Act.  Specifically, Petitioner challenges the effective revocation of her deferred action and work authorization, among other things.  (ECF No. 1, ¶¶ 42, 45 & 47, PageID #10–11.)  Some of these claims overlap with or merge into Petitioner's claim under the Fifth Amendment, others do not.  To the extent they do, the Court lacks jurisdiction over them.

Courts are generally reluctant to allow hybrid habeas actions that join habeas claims to other types of civil actions because habeas actions have distinct purposes and differing procedural requirements that make such litigation difficult to manage. *See, e.g.*, *Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020) (collecting cases), *aff'd,* No. 20-1841, 2021 WL 3856305 (6th Cir. Apr. 7, 2021).  Such is the case here.  Habeas proceedings test the lawfulness of the petitioner's custody and seek release as a remedy.  The APA provides that its remedies are available only where a plaintiff seeks review of "final agency action,"

6

and "there is no other adequate remedy in a court . . . subject to judicial review." 5 U.S.C. § 704. And the remedy involves setting aside unlawful agency action, which does not necessarily result in release. *See id.* § 706. At least one district court thinks that APA review is unavailable where an immigration petitioner brings a habeas claim. *See Hernandez-Balacaza v. Smith*, No. 5:25-cv-177, 2025 U.S. Dist. LEXIS 232534, at *10 (W.D. Ky. Nov. 26, 2025).

It is not clear that the actions of which Petitioner complains are final or that Petitioner actually seeks to vindicate the procedural rights available under the APA as opposed to seeking her immediate release pending removal. To the extent the gravamen of her complaint turns on her present custody, the Court lacks jurisdiction. Still, she might wish to proceed under the APA. She just cannot do so in a hybrid action combining her habeas petition with her claims for relief under the Act.

## CONCLUSION

For these reasons, the Court **SEVERS** Petitioner's claims under the Administrative Procedure Act pursuant to Rule 21 and **DISMISSES** them **WITHOUT PREJUDICE**. Because the Court lacks jurisdiction over the petition, it **DISMISSES** the petition for a writ of habeas corpus.

**SO ORDERED.**

Dated:  February 11, 2026

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio